**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Gordon LANSING, Defendant-Appellant.**

**No. 24076.**

United States Court of Appeals, Ninth Circuit.

March 26, 1970.

Michael P. Balaban (argued), Beverly Hills, Cal., James G. Lansing, Baldwin Park, Cal., for appellant.

Alan H. Friedman (argued), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and WRIGHT, Circuit Judges, and HAMLIN, Senior Circuit Judge.

EUGENE A. WRIGHT, Circuit Judge:

Appellant was convicted of refusing induction into the Armed Forces, 50 U.S.C. App. § 462; 32 C.F.R. § 1632.14(b). He contends that the local board denied him due process by misleading him into failing to complete an application for conscientious objector status, thereby depriving him of the opportunity to submit evidence that might have justified the reopening of his classification.

The record shows that the appellant registered with his local board on March 18, 1966. He was then 18 years old. Two months later he submitted a Classification Questionnaire (SSS Form 100), but did not then claim conscientious objector status. In November, 1966, appellant was classified I-A, and on October 9, 1967, after a physical examination, was found acceptable for induction.

On December 21, 1967, appellant sent to the board a letter requesting a conscientious objector form.[1] The board promptly mailed him the document (SSS Form 150), indicating that it was to be completed and returned on or before January 2, 1968—ten days from the date of mailing. The form not having been returned by the due date, the board met, voted not to reopen appellant's classification, and sent him a letter to that effect.[2]

Appellant was in the process of completing the Form 150 when he received the board's letter. He testified that upon receipt of the letter he ceased completing the form, feeling that "it wouldn't do any good anyway, that they had already rejected me, and they hadn't seen any information or anything." [3] The record is not entirely clear, but it would appear that the trial court believed this testimony, and held as a matter of law that it was no defense to a criminal prosecution that appellant was in fact misled into thinking that submitting the Form 150 would have done no good.[4] We decide the case on that basis.

■ We may assume *arguendo* with appellant that there exists a narrowly limited class of cases where misleading governmental activity constitutes a good defense to a criminal charge. Whether this rule rests on entrapment, Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); quasi-entrapment, Raley v. Ohio, 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959); State v. Ragland, 4 Conn.Cir. 424, 233 A.2d 698 (1967), *mens rea*, Schiff v. People, 111 Colo. 333, 141 P.2d 892

---

1. The letter read as follows:

   "I would like to make request for a conscientious objector form.

   "Would you please send it to the following address. * * *"

2. Re: SSS Form No. 150, Special Form for Conscientious Objector, not returned

   "Dear Sir:

   This will acknowledge receipt of your communication relative to your selective service status. The information contained therein has been considered by this board and it is of the opinion that the facts presented do not warrant the reopening or reclassification of your case at this time.

   Yours very truly,

   FOR LOCAL BOARD NO. 94"

3. The partially completed form was introduced into evidence. The completed portions include the critical questions (Series II, Questions 1–6) as to the nature of the registrant's beliefs, and suggest that appellant was a Jehovah's Witness whose beliefs, if sincere, would have qualified him for conscientious objector status.

4. In fact, of course, the local board would have been obliged to reopen had appellant submitted a completed form making out a *prima facie* case for conscientious objector status at any time before receiving an induction notice, *cf.* Ehlert v. United States, 422 F.2d 332 (9th Cir., Feb. 2, 1970). In this case the induction notice was not mailed until February 20, 1968—some six weeks later.

(1943); People v. Ferguson, 134 Cal. App. 41, 24 P.2d 965 (1933), or on more general principles of due process and estoppel, Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965); People v. Markowitz, 18 N.Y.2d 953, 277 N.Y.S.2d 149, 223 N.E.2d 572 (1966); People v. Donovan, 53 Misc.2d 687, 279 N.Y.S.2d 404 (Westchester Ct.Spec.Sess. 1967), we have no occasion to determine. *See generally* Note, Applying Estoppel Principles in Criminal Cases, 78 Yale L.J. 1046 (1969); Case Note, 81 Harv.L. Rev. 895 (1968). But we see no reason why draft cases should be exceptions to the general rule nor why, in very extreme cases, unconscionably misleading conduct by the local board might not be a valid defense to a criminal prosecution for refusing induction. *Cf.* United States v. Gissell, 129 F.Supp. 223 (D.N.J.1955).

■ We need not delimit in this case the precise scope of a misleading government conduct defense. For it is clear that more is required than a simple showing that the defendant was as a subjective matter misled, and that the crime resulted from his mistaken belief.

When a defendant claims, as does appellant here, that his criminal conduct was the result of reliance on misleading information furnished by the government, society's interest in the uniform enforcement of law requires at the very least that he be able to show that his reliance on the misleading information was reasonable—in the sense that a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries. No such showing has been made.

The SSS Form 150 clearly indicated on its face that it was to be returned within 10 days. The letter sent by the local board states prominently that its subject matter was "SSS Form No. 150, Special Form for Conscientious Objector, not returned." This was sufficient to put a person sincerely desirous of complying with the law on notice of the fact that the board's action reflected the failure to re-turn the completed form within ten days, rather than an out-of-hand denial of the conscientious objector claim. Under these circumstances, and especially in view of the ease with which appellant could have inquired of the board and learned the true status of his claim, we do not think it unreasonable to hold that he had no privilege to remain in ignorance. Greiff v. United States, 348 F.2d 914 (9th Cir. 1968).

Affirmed.