**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Lee SEARS, Defendant-Appellant.
No. 27421
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
April 13, 1970.

Gino P. Negretti, Miami, Fla., court-appointed, for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., J. V. Eskenazi, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Robert Lee Sears appeals from the judgment of conviction pursuant to a jury verdict of guilty of refusing to submit to induction into the armed forces in violation of 50 App. U.S.C. § 462.[1] He contends the district court erred in determining that there was a basis in fact for his I–A classification against his claim of conscientious objection, and that he had failed to exhaust his administrative remedies. While Sears apparently feels that the court should have allowed him to argue the correctness of his classification to the jury, it is settled that this question is for the court alone. Any error must be corrected by the appellate courts and not by the jury.[2]

■ The only evidence in support of Sears's position is his own testimony that he is a Muslim and that, at the time of registration, he orally informed an official of his local board of his conscientious objection. His selective service file revealed no record of this claim, though there was testimony that it was the policy of the local board to document such oral claims. After registration, Sears completed a classification questionnaire omitting the section provided for claims of conscientious objection. Following receipt of his notice of classification, he did not request a personal appearance before the board or make any effort to appeal his classification. Even accepting as true his allegation of an oral declaration, his contention that the board's failure to furnish him with the forms necessary to claim exemption foreclosed the administrative channels is not persuasive. We must conclude, with the district court, that Sears's claim to statutory exemption is defeated by his failure to exhaust administrative remedies.[3]

Accordingly, the judgment is affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

2. Cox v. United States, 332 U.S. 442, 68 S. Ct. 115, 92 L.Ed. 59 (1947); Tamblyn v. United States, 216 F.2d 345 (5th Cir. 1954), cert. denied, 348 U.S. 950, 75 S.Ct. 437, 99 L.Ed. 742 (1955).

3. See DuVernay v. United States, 394 F.2d 979 (5th Cir. 1968), aff'd by an equally divided Court, 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969).