**Kenneth Paul GOTT, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 25619.**

United States Court of Appeals,
Ninth Circuit.

Sept. 25, 1970.

———————◆———————

Jon Wallace Upton, Fresno, Cal. (argued), of Kimble, MacMichael & Jackson, Fresno, Cal., for appellant.

Wm. R. Allen (argued), Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Fresno, Cal., for appellee.

Before CHAMBERS and TRASK, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

Appellant was indicted and convicted at jury trial on a one-count indictment which charged him with violating 26 U.S.C. § 5861(c)[1] in that, on or about November 29, 1969, he willfully and knowingly possessed a firearm which had

---

\* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

1. 26 U.S.C. § 5861 reads in pertinent part as follows: "It shall be unlawful for any person—
   (c) to receive or possess a firearm transferred to him in violation of the provisions of this chapter;
   \* \* \*"

**46**

been made in violation of 26 U.S.C. § 5822.[2]

26 U.S.C. §§ 5822 and 5861(c) were enacted by Congress as part of the Gun Control Act of 1968[3] which was passed subsequent to Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), for the purpose of amending the National Firearms Act to eliminate the provisions which the Supreme Court held objectionable in *Haynes*. The Gun Control Act became effective on November 1, 1968.

Appellant's sole contention on appeal is that the government failed to prove one essential element of the offense as charged in the indictment—that the firearm in question[4] violated Section 5822 in that it was made or transferred to appellant without the requisite registration *subsequent to* the effective date of Section 5822. Appellant argues that if the gun had been made or transferred prior to November 1, 1968, it could not have violated Section 5822 as that section had not yet become effective. We agree.

The government introduced evidence, which was uncontroverted, that the firearm had not been registered to appellant in the central registry of all firearms known as the National Firearms Registration and Transfer Record that is established and maintained by the Director of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service,

pursuant to 26 U.S.C. § 5841(a) and regulations promulgated thereunder.

The government therefore proved that the appellant did in fact possess a firearm which met the specifications of those which are subject to regulation. The indictment, however, charged that he did:

"willfully and knowingly possess a firearm * * * *which had been made* in violation of the provisions of Section 5822, Title 26, United States Code." (Emphasis supplied.)

If the firearm had been "made" prior to the effective date of Section 5822, then it was not at the time of its making in violation of that section because that section did not exist. The government failed to prove the date when the gun was "made." It therefore, failed to prove an essential element of its case.

The burden is on the government to prove all of the necessary elements of an offense charged under the National Firearms Act and its successor, the Gun Control Act of 1968. United States v. Collier, 381 F.2d 616, 619 (6th Cir. 1967), cert. denied, 390 U.S. 1043, 88 S.Ct. 1639, 20 L.Ed.2d 304 (1968). *See also* Frye v. United States, 315 F.2d 491, 494 (9th Cir.), cert. denied, 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76 (1963). The government failed to sustain its burden of proof.

The judgment is reversed.

---

2. 26 U.S.C. § 5822 reads as follows:
   "No person shall make a firearm unless he has (a) filed with the Secretary or his delegate a written application, in duplicate, to make and register the firearm on the form prescribed by the Secretary or his delegate; (b) paid any tax payable on the making and such payment is evidenced by the proper stamp affixed to the original application form; (c) identified the firearm to be made in the application form in such manner as the Secretary or his delegate may by regulations prescribe; (d) identified himself in the application form in such manner as the Secretary or his delegate may by regulations prescribe, except that, if such person is an individual, the identification must

include his fingerprints and his photograph; and (e), obtained the approval of the Secretary or his delegate to make and register the firearm and the application form shows such approval. Applications shall be denied if the making or possession of the firearm would place the person making the firearm in violation of law."

3. Pub.L. 90–618, 82 Stat. 1213 (1968).

4. The firearm was a sawed-off rifle, single shot, bolt action, .22 caliber with a 5½ inch barrel length, and having no serial number. It was a "firearm" within the definition of 26 U.S.C. § 5845 (1968), and also under the predecessor provision, 26 U.S.C. § 5848 (1954).