**UNITED STATES of America,**
**Plaintiff and Appellee,**

v.

**Mathew Dusty WROBLEWSKI, Jr.,**
**Appellant.**

**No. 25389.**

United States Court of Appeals,
Ninth Circuit.

Sept. 2, 1970.

Certiorari Denied Jan. 11, 1971.

See 91 S.Ct. 473.

Dennis L. Wright, Carson City, Nev., for appellant.

Bart M. Schouweiller, U. S. Atty., Reno, Nev., for plaintiff and appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and BYRNE, District Judge.

PER CURIAM:

Appellant was convicted for failing to report for induction as ordered (50 U.S.C. App. § 462). At trial he attempted to introduce evidence to show that he was a conscientious objector but such evidence was ruled inadmissible. The trial judge's refusal to hear the conscientious objector claim was proper since appellant had never presented that claim to his draft board and thus had failed to exhaust his administrative remedies. Lockhart v. United States, 9th Cir., 420 F.2d 1143.

■ Appellant also argues that he was denied due process of law in that his local board's clerical employees gave him bad advice which erroneously prevented the Board from considering evidence which could have resulted in a reopening of his I-A classification and reclassification as III-A. Appellant testified that he and his wife went to his local board on May 1, 1969, and told the board's clerks that he had been married on April 12 and his wife was expecting a child. His induction order had been mailed on March 28, 1969, two weeks before his marriage. He claims that the clerks' advice was that he could not get a III-A hardship classification because he had previously been classified II-S (student deferment). The testimony of the clerical employees who talked to appellant is in partial disagreement with appellant's version of his visit in that the clerks denied discussing reclassification on the specific basis of hardship. This circuit has recognized that in very extreme cases unconscionable misleading conduct by the local board may be a valid defense to a criminal prosecution for refusing induction. United States v. Lansing, 9th Cir., 424 F.2d 225. Appellant did not avail himself of the services of a government appeals agent (available to all selective service system registrants) and did not submit a written request to his board. This record does not show a case where unconscionable misleading conduct is apparent. *Cf.* Lockhart v. United States.

■ Also, the court is of the view that the board, as a matter of law, was powerless to reopen Wroblewski's classification. Wroblewski's order to report for induction was mailed March 28. Afterwards on April 12, he married. The record is clear that a request for reclassification would have been based solely upon his consequent obligations. However, the applicable regulation, 32 C.F.R. 1625.2, provides that a local board can consider a post-induction order request only if "there has been a change of circumstances over which the registrant

has no control." Marriage is not such a circumstance. (Battiste v. United States, 409 F.2d 910 (5th Cir.1969)); neither, in our view, is a parental obligation which results from that lately assumed status.

Affirmed.