UNITED STATES of America, Appellee,

v.

Michael Lee LOWELL, Appellant.

No. 25798.

United States Court of Appeals, Ninth Circuit.

Jan. 20, 1971.

---

R. Max Etter (argued), Spokane, Wash., for appellant.

Carroll D. Gray (argued), Asst. U.S. Atty., Dean C. Smith, U.S. Atty., Spokane, Wash., for appellee.

Before HAMLEY, KOELSCH and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Michael Lee Lowell appeals from his conviction after a non-jury trial for refusing to submit to induction in violation of 50 U.S.C. App. § 462.

Lowell's principal defense was that an employee in the office of his local selective service board gave him misinformation which caused him to refrain from making an application for conscientious objector status prior to the date on which he was to report for induction.

Such a defense to a criminal prosecution for refusing induction is recognized by this court in "very extreme cases" where there has been unconscionably misleading conduct by the local board. To establish such a defense, however, the defendant must show that his reliance on the misleading information was reasonable "in the sense that a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." United States v. Lansing, 424 F.2d 225, 227 (9th Cir. 1970); United States v. Wroblewski, 432 F.2d 422 (9th Cir. 1970).

From the time of his registration for the draft until April 3, 1969, when the induction order was issued, Lowell made no effort to assert a conscientious objector claim. After receiving that order, and before the indicated date to report for induction, Lowell went to the office of his local board to see if he could have his I-A classification changed. But even then he did not say that he was a conscientious objector. The clerk who waited upon him, Mrs. Martha B. Draper, told him that nothing could then be done to change his classification.

If (1) the clerk had known at that time that Lowell claimed to be a conscientious objector, (2) the clerk had known that his conscientious objector beliefs crystallized after he received his induction order, and (3) the decision of this court in Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970), now before the Supreme Court, holding that the crystallization of a conscientious objection after receiving an induction order cannot be a circumstance beyond the control of the registrant, is disregarded, the clerk's statement that nothing could then be done would have been incorrect. There would still remain a fourth question: whether, under the cir-

cumstances, Lowell was entitled to rely upon the information without making further inquiries.

But Lowell did not inform the clerk that he was a conscientious objector and the trial court found that her statement to him was made with reference to his prior requests for a II–S (Student) deferment. Lowell questions this finding of fact but we hold that it is not clearly erroneous.[1] Since, under this finding, the clerk was not aware that Lowell was a conscientious objector, it follows that she was not aware that the objection had crystallized after receipt of the induction order. We cannot now know whether *Ehlert* will be upheld by the Supreme Court. We can say, however, that there is nothing in this record indicating that Lowell, without making further inquiries, was entitled to rely upon the clerk's statement as a representation that it was too late to file a conscientious objector claim.

Thus at least three of the four circumstances which must have existed to support Lowell's "misinformation" defense are missing. We therefore conclude that the defense was not established and did not stand in the way of conviction.

■ After Lowell refused induction he filed a conscientious objector application. But it is established law in this Circuit that a local board is not required by statute or regulation to take any action concerning a request for a change in classification which is filed after the registrant has refused induction. *See, e.g.,* United States v. Robley, 423 F.2d 613 (9th Cir. 1970); Straight v. United States, 413 F.2d 263 (9th Cir. 1969). *Cf.* United States v. Lloyd, 431 F.2d 160, 170–171 (9th Cir. 1970). There was no due process violation in the board's refusal to consider Lowell's application.

■ Defendant suggests that 32 C.F. R. § 1625.2, providing that a classification shall not be reopened after issuance of an induction or civilian work order unless there has been a change in circumstances beyond the registrant's control, is in conflict with 50 U.S.C. App. § 456(j). The latter statute is the general provision excusing conscientious objectors from combatant training and service in the armed forces.

The agency had authority to prescribe necessary rules and regulations to carry out the provisions of the Selective Service Act. 50 U.S.C. App. § 460(b)(1). The regulation set forth in 32 C.F.R. § 1625.2, promulgated pursuant to 50 U.S. C. App. § 460, is fair and reasonable and is not in contravention of 50 U.S.C. App. § 456(j). *See* Parrott v. United States, 370 F.2d 388, 394 (9th Cir. 1966); United States v. Jennison, 402 F.2d 51, 53 (6th Cir. 1968); United States v. Beaver, 309 F.2d 273, 276 (4th Cir. 1962).

Affirmed.

---

1. The defendant testified to the conversation he had with the clerk. He stated that he had mentioned the fact that he had received his induction notice and that he did not mention a conscientious objector claim. He was more equivocal as to mentioning a II–S deferment, although he believed he had not mentioned this to Mrs. Draper.

Mrs. Draper, the clerk, could not recall the conversation at all. She testified to the "unvarying practice" of the selective service office in such situations, and stated that the only time she would have responded to an inquiry in the fashion that Lowell described would have been if the registrant had inquired regarding a post-induction notice II–S deferment. In addition, the defendant testified that he did not believe his file had been pulled at the time of his conversation with Mrs. Draper. Mrs. Draper testified that the only situation in which a file would not be pulled was when a post-induction order request for a II–S deferment was made.

Finally, the trial court had before it and could properly consider all the evidence which tended to show that Lowell's conscientious objector claim was not firmly fixed in his mind as late as August 1969. This evidence would tend to support the inference that Lowell had been inquiring concerning a II–S deferment in April and that he might have mentioned it to Mrs. Draper. The issue is chiefly one of evaluating the credibility of the witnesses and the weight of the evidence, which is the function of the trial court.