**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eddie Lee ROGERS, Defendant-
Appellant.**

**No. 71–1021.**

United States Court of Appeals,
Seventh Circuit.

Dec. 7, 1971.

Kenneth S. Jacobs, Villa Park, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Theodore T. Scudder, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; William J. Bauer, U. S. Atty., Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before KILEY, CUMMINGS, and STEVENS, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant, a Selective Service registrant, had been classified as a conscientious objector. He was indicted for failure to report for civilian work "contributing to the maintenance of national health, safety or interest" at Evanston Hospital Association, Evanston, Illinois, in violation of 50 U.S.C. App. §§ 456(j) and 462. After a bench trial, defendant was found guilty and received a suspended sentence of two years. He was placed on probation for two years and six months on condition that he report for work at the Evanston Hospital or such other institution as might be approved by the district court.

At the trial, Lt. Col. John T. Seigle of the United States Air Force, who is assigned to the Illinois Selective Service System in Chicago, identified defendant's Selective Service file and testified that he had read it and that it was kept in the ordinary course of business of the Selective Service System. In support of the admissibility of this file, the Assistant United States Attorney relied upon 32 C.F.R. § 1606.35(a).[1] Over the objections of defense counsel, the district court received the Selective Service

---

1. That regulation provides as follows:
"In the prosecution of a registrant or any other person for a violation of the Military Selective Service Act of 1967, the Selective Service Regulations, any orders or directions made pursuant to such act or regulations, or for perjury, all records of the registrant shall be produced in response to the subpoena or summons of the court in which such production or proceeding is pending. Any officer or employee of the Selective Service System who produces the records of a registrant in court shall be considered the custodian of such records for the purpose of this section."

file into evidence. By referring to the file, Lt. Col. Seigle then testified in detail as to defendant's Selective Service record.

Defendant's Selective Service file, as discussed in Lt. Col. Seigle's testimony, showed that he had registered on March 29, 1967, and had received a II–A classification while studying welding in a trade school. After his student status expired, defendant was notified that he had passed his physical examination. He was subsequently classified I–O as a conscientious objector in view of his views as a Jehovah's Witness. His local board then sent him SSS Form 152 explaining the civilian work obligation of conscientious objectors, and he was invited to select one of three work assignments.

On March 6, 1969, defendant advised his local board "I will accept civilian work if not affiliated with going into the Army or Army Hospitals." However, on April 4, 1969, he advised his board that "I will not be able to perform any services submitted to me by the Local Board." His board asked him the following question at its July 17, 1969, meeting: "Will you or will you not accept civilian work in lieu of induction?" Defendant replied, "No, As I explained, it would be against my religion."

On August 14, 1969, the local board ordered defendant to report to it on August 27, 1969, for assignment to hospital work at the Evanston Hospital Association. On that date defendant appeared at the office of his local board and told its clerk that he did not know if he would report to the hospital or not. The clerk told him that he must report to the hospital within 48 hours, and defendant replied that he would talk it over with his folks who did not want him to report to Evanston Hospital "as they said it was an induction order."

On September 5, 1969, defendant wrote his local board, "If I am to follow Jesus Christ, and the Early Christians, I am not to accept the job that you offered me. But if I accept I would be de-nouncing Jehovah as the supreme ruler." The board received this letter on September 8, and it thereupon wrote Evanston Hospital to inquire whether defendant had reported for civilian work on August 27. However, on September 5, 1969, before the board sent this inquiry, the Evanston Hospital had written to the local board on SSS Form 153 advising that defendant had not reported for civilian work as of that date. This statement bore the rubber-stamped facsimile signature of Thomas L. Gilmartin. His hand-written title was given as "Employment Mgr." This statement was received by the local board on September 10, 1969. This indictment followed in due course.

Defendant's principal argument is that the trial court erred in receiving in evidence the "statement of employer" portion of SSS Form 153 showing that defendant had not reported for civilian work at Evanston Hospital as of September 5, 1969. Defendant first claims that the facsimile signature of the hospital employment manager, Thomas L. Gilmartin, violated 32 C.F.R. § 1606.24, which provides:

"Signatures affixed to official papers of the Selective Service System must be written in pen and ink by the person signing. Rubber stamp facsimiles will not be used."

Failure to comply with this regulation, argues the defendant, renders the relevant portion of SSS Form 153 invalid and inadmissible.

The Government responds that this regulation was directed at the employees of the Selective Service System rather than outside personnel of civilian work employers who would not be familiar with such a regulatory requirement. Thus the Government's position is that there could be no violation of a regulation by those persons to whom it does not apply.

■ However plausible the Government's interpretation may be, even if there were non-compliance with 32 C.F. R. § 1606.24, that, without resultant

prejudice, would no more bar the document's admission than render it invalid. See United States v. Lawson, 337 F.2d 800, 812 (3d Cir. 1964), certiorari denied, 380 U.S. 919, 85 S.Ct. 913, 13 L. Ed.2d 804; United States v. Cralle, 415 F.2d 1065, 1067 (9th Cir. 1969). This official document was entitled to the presumptions of regularity and validity, not overcome here by probative evidence to the contrary. Rhyne v. United States, 407 F.2d 657, 660–661 (7th Cir. 1969); Greer v. United States, 378 F.2d 931, 933 (5th Cir. 1967). Hence if the SSS Form 153 falls within an applicable exception to the hearsay rule, failure to follow what we consider here to be a precatory regulation does not make the document inadmissible.

■ Defendant next argues that the employer's statement on the SSS Form 153 is inadmissible hearsay. In United States v. Holmes, 387 F.2d 781, 783–784 (7th Cir. 1967), we held that such statements, even though not qualified by testimony from a hospital representative, fall within the business and official records statutory exceptions to the hearsay rule (28 U.S.C. §§ 1732 and 1733). We find no significant factual difference between this case and the *Holmes* case, and deem it inappropriate to reexamine an evidentiary proposition squarely settled by such a recent decision.

■■ Even accepting the admissibility of SSS Form 153, the defendant in-

sists that this rubber-stamped, vicariously authenticated document [2] is so untrustworthy that alone it is evidentially insufficient to prove the *corpus delicti* beyond a reasonable doubt. But this was not the sole proof of the offense. Here Rogers was ordered to report to Evanston Hospital on August 27, 1969. Nevertheless, eight days later he wrote his local board, "I am not able to accept the job that you offered me." [3] This statement was comparable to that of the defendant in *Holmes* who, on the day he was to report, wrote that he could not accept civilian work at the Elgin State Hospital. 387 F.2d at 783, note 1. Despite the non-factual phraseology defendant used, his post-reporting date letter constitutes an admission that he did not report on the critical date. Thus here, as in *Holmes*, the statements of the respective civilian employers merely corroborated the admissions constituting the *corpus delicti*.[4] Used to fortify the truth of his admission, the SSS Form 153 was evidentially sufficient to sustain defendant's conviction. Smith v. United States, 348 U.S. 147, 156, 75 S. Ct. 194, 99 L.Ed. 192; Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Abigano, 439 F.2d 827, 833 (5th Cir. 1971); United States v. Tourine, 428 F.2d 865, 868 (2d Cir. 1970).

■ Defendant also argues that the introduction of this exhibit without producing the person who actually wit-

2. The authentication by Lt. Col. Seigle was sufficient. See note 1 *supra*; Fed. Rules Civ.Pro. 44(c); Fed.Rules Crim. Pro. 27; United States v. Holmes, *supra* at 784.

3. The concluding sentence of Rogers' letter of September 5, 1969, stated, "But if I accept, I would be denouncing Jehovah as the supreme ruler." However, his failure to report for the civilian work on August 27, 1969, was the basis for the indictment. This failure to report was consistent with his previous statements to the local board discussed *supra*.

4. In La Porte v. United States, 300 F.2d 878 (9th Cir. 1962), the SSS Form 153 was held sufficient by itself to support a finding of failure to report beyond a rea-

sonable doubt. In that case there were no contemporaneous or post-reporting date admissions, but the trial testimony of the person who signed the SSS Form 153 made the assertion therein adequately trustworthy to support the finding.

There were in *La Porte*, as in the instant case, prior statements of the defendant's intent not to report. 300 F.2d at 879, note 3. These statements are probative of the other element of the crime charged—a *knowing* failure to report—and as pre-offense statements are sufficient without corroboration to support a finding of the requisite mental state. See United States v. Marcey, 440 F.2d 281, 284 (D.C.Cir. 1971), and the case cited there at note 6.

nessed his failure to report is violative of his Sixth Amendment right of confrontation. Such an argument was rejected in Warren v. United States, 447 F.2d 259 (9th Cir. 1971), where the court upheld Rule 27 of the Federal Rules of Criminal Procedure providing that "an official record or entry therein or the lack of such a record or entry may be proved in the same manner as in civil actions" against a Sixth Amendment challenge. See note 2 *supra*. The court observed that the alternative would be to require the declarant to testify in person, thus defeating the goal of administrative convenience which Rule 27 is designed to foster. The opinion concluded that such a procedure was "unnecessary since a probability of trustworthiness is found in the official's duty to maintain accurate records * * *." 447 F.2d at 262. The Sixth Amendment was held to embody exceptions to the hearsay rule not inconsistent with the purposes of that amendment, for

> "the Sixth Amendment does not apply to exclude evidence otherwise admissible under Rule 27. This exception to the hearsay rule is supported both by administrative necessity and by the trustworthiness arising from the fact that the declarant has a legally enforceable duty to maintain accurate records." *Id.*

Although, as defendant points out, there may be no statutory duty upon the Evanston Hospital to advise draft boards of an assignee's failure to report, the SSS Form 153 actually submitted enjoys sufficient trustworthiness to make the above reasoning equally applicable to it. This is especially true where, as here, the document was merely corroborative of defendant's admission. Thus we reject, as we did in *Holmes* (387 F.2d at 784), defendant's Sixth Amendment contention.

This case, like *Holmes*, was tried to the court without a jury. In each case

the defendant's entire Selective Service file was received in evidence. Although Rogers focused his objections on the sufficiency of the authentication by Lt. Col. Seigle (see notes 1 and 2 *supra*) and on the admissibility of the statement of employer part of SSS Form 153, the propriety of receiving the complete file into evidence is also before us.

■ It is well settled that the defenses of improper classification or procedural defect on the part of the board are questions of law for the court. Cox v. United States, 332 U.S. 442, 452–453, 68 S.Ct. 115, 92 L.Ed. 59; Bohnert v. Faulkner, 438 F.2d 747, 751 (6th Cir. 1971); United States v. Sears, 425 F.2d 231, 232 (5th Cir. 1970). Deciding these questions is really an exercise in the review of administrative proceedings, and hence the Selective Service file which embodies these proceedings must be submitted to the court. However, once the purely legal questions have been decided, there is normally nothing in the file pertaining to these questions that is relevant to the jury issues of whether the defendant had the requisite mental state and did in fact fail to report for induction or civilian work as ordered. 332 U.S. at 453, 68 S.Ct. 115. Consequently, when appropriate objections to relevancy are lodged, it would be error for the district judge to permit the whole Selective Service file to go to the jury or in a bench trial for the judge to permit the entire file to bear on his resolution of the factual issues. Since it is readily conceivable how prejudice could result, this error might be reversible. Of course, as in the present case, there may be materials in the file which are relevant to the jury issues.[5] In such cases only these pertinent parts of the file should be submitted to the jury or considered by the judge when functioning as the trier of fact. In a bench trial, in the absence of any showing to the contrary, we will presume

---

5. See 32 C.F.R. §§ 1621.8 and 1621.12(a) and (b). Here SSS Form 153 was relevant to the factual issue of failure to report, though it had no bearing on the legal questions of proper classification and procedure by the board.

that the judge considered only the pertinent portions of the file when deciding the issues of fact.

■ The defendant also argues that in notifying defendant to appear before his local board "alone" on January 16, 1969, the board's executive secretary violated 32 C.F.R. § 1624.24(b) providing that

"* * * the local board may, in its discretion, permit any person to appear before it with or on behalf of a registrant * * *."

Even if the board improperly delegated to its executive secretary its discretion to allow witnesses or the executive secretary improperly usurped it, defendant was not prejudiced. At the board hearing, he sought and obtained classification as a conscientious objector, and at the oral argument, his counsel did not question this classification. Although defendant claimed his chances of obtaining a IV–D classification were prejudiced by the secretary's notification, the record shows he did not have even a colorable claim to that classification. Moreover, in the same letter that informed defendant he was to appear alone, the secretary invited him to have persons interested in his case submit written information. Not having exercised this right, defendant is hardly in a position to claim that a failure to allow personal appearances was responsible for his not obtaining a IV–D classification. Additionally, the board proceedings are not criminal, and there was no obligation to make a tender of counsel to the registrant. United States v. Goodman, 435 F.2d 306, 314 (7th Cir. 1970); United States v. Hosmer, 310 F.Supp. 1166, 1171 (D.Me.1970).

■ Defendant asserts that he was denied procedural due process under the Fifth Amendment by failure to appoint a government appeal agent to advise him under 32 C.F.R. § 1604.71. However, when defendant was classified I–A his local board notified him on November 22, 1968, of the availability of a government appeal agent to aid him with the

personal appearance, an appeal, or any other procedural right, and to give him legal counsel on Selective Service matters. Such notice is sufficient to apprise registrants of the availability of an appeal agent's assistance. United States v. Goodman, *supra;* United States v. Primous, 420 F.2d 33, 35 (7th Cir. 1970), certiorari denied, 397 U.S. 1053, 90 S.Ct. 1395, 25 L.Ed.2d 669. This offer was never accepted by defendant, so that he cannot now legitimately complain that an appeal agent should have been appointed for him. See United States v. Wroblewski, 432 F. 2d 422, 423 (9th Cir. 1970).

■ Defendant's final argument that the order to report for civilian work violated the Thirteenth Amendment was rejected in United States v. Holmes, *supra,* at 784, and in United States v. Goodman, *supra,* and will not be reconsidered here.

The conviction is affirmed.