977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Dale HAWKINS, Defendant-Appellant.
 No. 91-16501.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawkins, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for possession and illegal transfer of an unregistered machine gun. The district court had jurisdiction pursuant to 28 U.S.C. § 2255, as do we. We review de novo, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992), and we affirm.
 
 
 3
 Hawkins contends that the district court erred when it failed to instruct the jury sua sponte on the theory of "entrapment by estoppel." In Hawkins's direct appeal of his conviction, United States v. Hawkins, No. 88-1289 (9th Cir. May 2, 1990), we held that because his general requested instructions on entrapment and estoppel were inadequate to apprise the district court of his present theory of entrapment by estoppel, see United States v. Brebner, 951 F.2d 1017, 1024 (9th Cir.1991), we must review the district court only for plain error, see United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991); United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). Although Hawkins raised this issue on direct appeal, we explicitly held that the availability of post-conviction proceedings precluded a finding of plain error. Thus, Hawkins may continue to pursue this contention in his 2255 motion, because it was not fully litigated on direct appeal. Cf. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 4
 Plain error is a highly prejudicial error affecting substantial rights. United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). We may reverse for plain error only if the charge is so clearly erroneous as to result in the likelihood of a grave miscarriage of justice, or to seriously affect the fairness, integrity, or public reputation of judicial proceedings. United States v. Hamilton, 792 F.2d 837, 840 (9th Cir.1986).
 
 
 5
 Entrapment by estoppel is an affirmative defense that applies when an authorized government official tells a defendant that certain conduct is legal, and the defendant reasonably believes and relies on the official. Brebner, 951 F.2d at 1024. "A defendant's reliance is reasonable if ' "a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." ' " Id., quoting United States v. Tallmadge, 829 F.2d 767, 774 (9th Cir.1987), quoting United States v. Lansing, 424 F.2d 225, 227 (9th Cir.1970).
 
 
 6
 The essence of Hawkins's contention is that he was misled by Reed, a federally licensed firearms dealer, as well as by documents Hawkins claims were shown to him by Reed, into believing that the MK-760 was a semiautomatic weapon that could be possessed without registration. This claim fails for several reasons. First, the documents supplied by Reed which Hawkins claims to have relied on were produced by state, not federal, officials. "[T]hese officials lacked the authority to bind the federal government to an erroneous interpretation of federal law." Brebner, 951 F.2d at 1026.
 
 
 7
 Furthermore, all of the representations on which Hawkins claims to have relied concerned the legality of the MK-760 as originally manufactured, but Hawkins was convicted of possessing and transferring a modified MK-760 that had been altered to operate as a fully automatic machine gun. Hawkins has presented no evidence that Reed ever told him that the possession of a modified MK-760 was legal.
 
 
 8
 Finally, Hawkins's evidence does not persuade us that his reliance on Reed's assurances was reasonable. In Tallmadge, we found that the defendant's "reliance on the firearm dealer's misleading information was reasonable in light of his attorney's legal opinion that he could purchase a rifle, and the comments of the state trial judge and the deputy district attorney." 829 F.2d at 775. Hawkins could not reasonably have relied on the representations and documents furnished by Reed to conclude that his possession and transfer of a modified MK-760 was lawful.
 
 
 9
 On this record, we cannot conclude that the district court's failure to instruct the jury sua sponte on Hawkins's defense of entrapment by estoppel constituted plain error.
 
 
 10
 Hawkins also challenges the district court's failure to give the jury his requested entrapment and estoppel instructions, apart from his entrapment by estoppel theory. Because Hawkins did not present these claims to the district court in his section 2255 motion, we need not consider them on appeal. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Moreover, even after a de novo review of the record, we conclude that the evidence presented did not warrant an entrapment instruction, because Hawkins failed to establish the necessary element of inducement. See United States v. Simas, 937 F.2d 459, 462 (9th Cir.1991) (citations omitted) ("Inducement has been defined as 'repeated and persistent solicitation' or 'persuasion' which overcomes the defendant's reluctance. Mere suggestions or the offering of an opportunity to commit a crime is not conduct amounting to inducement."). The record is devoid of any evidence that the government or its agents induced Hawkins to possess or transfer a modified MK-760. Nor has Hawkins adduced any evidence in support of his contention that the government should be estopped from prosecuting him for his actions.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3