**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10254 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00360-DAD-BAM-1 |
| v. | |
| RAYMOND ARTHUR GENTILE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 19, 2019**
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and ADELMAN,*** District
Judge.

Defendant-Appellant Raymond Gentile appeals multiple aspects of his

prosecution following a jury trial in which he was convicted on three counts of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

violating federal marijuana laws and two counts of making false statements on Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") firearms transaction forms.  We affirm.

1.      The district court did not err in denying Gentile's motions for discovery and to dismiss for selective prosecution, in which Gentile asserted a theory of "geographic disparity."  "To establish a claim of selective prosecution, a defendant must show both discriminatory effect and discriminatory purpose."  *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018).  To warrant discovery for such a claim, a defendant must present at least "some evidence" that constitutes a "credible showing of different treatment of similarly situated persons."  *United States v. Armstrong*, 517 U.S. 456, 470 (1996).

Even if we assume that selective prosecution based on "geographic disparity" could trigger constitutional concerns, Gentile has not produced sufficient evidence in support of a cogent disparity theory to meet a discovery standard that is "nearly as rigorous as that for proving the [selective prosecution] claim itself."  *Sellers*, 906 F.3d at 852.  Gentile has not provided any statistics showing that similarly situated defendants are prosecuted in California but not Colorado, let alone evidence that any differential treatment is explained by bias or some other impermissible purpose, so he was not entitled to discovery, or relief, for a selective prosecution claim.

2

2.     Gentile next contends that the district court erred with regard to the jury instructions at trial in two ways: first, by denying his requested entrapment-by-estoppel instruction, and second, by failing to sua sponte instruct the jury on an apparent public authority defense as to the false statement counts.  We review for abuse of discretion the district court's decision to give or not give a jury instruction, viewing the evidence in the light most favorable to the party requesting the instruction.  *United States v. Heredia*, 483 F.3d 913, 921-22 (9th Cir. 2007) (en banc).  We reject Gentile's arguments.

First, to warrant an entrapment-by-estoppel instruction, Gentile needed to show at least some evidence that: "(1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told [the defendant] the proscribed conduct was permissible, (4) that [the defendant] relied on the false information, and (5) that [the] reliance was reasonable."  *United States v. Lynch*, 903 F.3d 1061, 1076 (9th Cir. 2018) (alterations in original) (quoting *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010)).  The district court did not abuse its discretion when it held that Gentile lacked sufficient evidence on at least the third and fifth elements.  At best, the Second Amendment Sports employee's statements that Gentile could put the Chinta Drive address on his driver's license and vehicle registration under the "current address" section of the ATF firearm application,

3

despite the fact Gentile no longer lived there, were an attempt to assist Gentile in filling out the application, not an affirmative indication that writing the former address was legally permissible. The employee's comment that Gentile could submit the application and "go from there" would not have reassured a "person sincerely desirous of obeying the law" that his actions were certainly lawful, so any reliance on the comment was unreasonable. *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000) (quoting *United States v. Lansing*, 424 F.2d 225, 227 (9th Cir. 1970)).

Second, the public authority defense requires the defendant to show that he "reasonably relied on the authority of a government official to engage him in a covert activity." *United States v. Burrows*, 36 F.3d 875, 881 (9th Cir. 1994) (quoting *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994)). Here, Gentile at best presented evidence that the employees tried to help him fill out the current address portion of the ATF forms. He offered no evidence that the employees asked him to do so on their behalf from positions as government agents. Gentile has not pointed to any case where the relationship between the government agent and the defendant was so weak.

Thus, we conclude that the district court did not abuse its discretion in failing to instruct the jury on entrapment-by-estoppel or public authority defenses.[1]

3.      Finally, Gentile argues that the district court erred in denying his motion to enjoin the government from spending funds to prosecute the marijuana-related offenses under our decision in *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016).  This argument also fails.

Gentile's procedural attacks on the district court's denial of *McIntosh* relief are foreclosed by *United States v. Evans*, --- F.3d ---, No. 17-30185, 2019 WL 2943492 (9th Cir. July 9, 2019).  There, we clarified that, when a criminal defendant seeks to enforce the Congressional appropriations rider prohibiting the use of Department of Justice funds to prevent states from implementing their state medical marijuana laws, the defendant is seeking *injunctive* relief.  As with any request for an injunction, the criminal defendant seeking such an injunction bears the burden of proving compliance by preponderance of the evidence.  *Id.* at \*3. We also explained that, to obtain such an injunction, the defendant must demonstrate that he has "fully complied with the laws that allow the use, distribution, possession, or cultivation of medical marijuana, not whether he would

---

[1] Because the district court did not err in failing to sua sponte instruct the jury on a public authority defense, we do not need to consider whether the Government forfeited plain error review of the issue by failing to raise that standard on appeal.  *See United States v. Murguia-Rodriguez*, 815 F.3d 566, 573-74 (9th Cir. 2016).

be entitled to some procedure if the state, rather than the federal government, were prosecuting him in its courts." *Id.* To the extent *McIntosh* left any doubt, *Evans* refutes Gentile's argument that a showing of substantial, rather than strict, compliance with California law is sufficient for *McIntosh* relief, even if such a showing would immunize him from state prosecution, *see People v. Hochanadel*, 98 Cal. Rptr. 3d 347, 363-64 (Ct. App. 2009).

The district court's conclusion that Gentile failed to demonstrate strict compliance was not clearly erroneous. *Evans*, 2019 WL 2943492, at *4. Among other examples of non-compliance, the district court did not clearly err in concluding that Gentile's marijuana collective, ANP, operated "for profit" in violation of California law, *see* Cal. Health & Safety Code § 11362.765(a), where ANP brought in at least $20,000 per month in revenue exceeding ANP's expenses. Accordingly, the district court did not abuse its discretion in denying Gentile injunctive relief under *McIntosh*. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (stating that the decision to grant or deny injunctive relief is reviewable on appeal for abuse of discretion).[2]

---

[2] Gentile's entire state-law-based defense was that he was lawfully operating ANP, a premise that he failed to prove. Given that his asserted state-law-based defense for all three marijuana-related counts failed, Gentile cannot explain how the absence of a count-by-count analysis prejudiced him. *See United States v. Kleinman*, 880 F.3d 1020, 1028-30 (9th Cir. 2017). Remand on that basis therefore is not required.

**AFFIRMED.**