**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose RAMIREZ–VALENCIA, a.k.a. Rodolfo Ramirez–Valencia, a.k.a. Don Enrique, a.k.a. Jose Ramiro–Ramirez, Defendant–Appellant.**

**No. 99–50060.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 1999[1]

Decided Jan. 31, 2000

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Michael J. McCabe, San Diego, California, for the defendant-appellant.

John D. Kirby, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: BROWNING and TASHIMA, Circuit Judges, and JONES,[2] District Judge.

PER CURIAM:

## I. OVERVIEW

Defendant–Appellant Jose Ramirez–Valencia pleaded guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The court sentenced him to a prison term of fifty-seven months plus three years of supervised release. Defendant argues that (1) the government should be estopped from prosecuting him where he relied on a form given him by the Immigration and Naturalization Service ("INS") which incorrectly stated that he would be guilty of a felony if he reentered the United States within five years, and (2) the court erroneously applied sentencing guidelines that were promulgated after he reentered the United States. We affirm.

## II. FACTS AND PRIOR PROCEEDINGS

On September 8, 1986, defendant was convicted of transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(2), and sentenced to a forty-two month prison term. After he served his custodial sentence the INS deported him on July 28, 1988. During deportation, defendant received a copy of INS Form I–294, which stated in part that:

> Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation. By law (Title 8 of the United States Code, Section 1326) any deported person who within five years returns without permission is guilty of a felony. If convicted he may be punished by imprisonment of not more than two years and/or a fine of not more than $1000.00

**2.** The Honorable Robert E. Jones, United States District Judge for the District of Ore-

The form was incorrect in that 8 U.S.C. § 1326 makes reentry following deportation illegal if an alien returns at any time without the express permission of the Attorney General. *See* 8 U.S.C. § 1326(a).

Sometime before September 1994, defendant reentered the United States, where he remained without permission. On September 30, 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208. Among other changes, that Act reclassified the crime of alien smuggling as an aggravated felony. *See* 8 U.S.C. § 1101(a)(43).

On May 1, 1998, defendant was arrested and charged with alien smuggling. The government later dropped that charge and charged him with being a deported alien found in the United States. Defendant filed a motion to dismiss, asserting the defense of entrapment by estoppel. The court refused to allow the defense and denied the motion. Defendant pleaded guilty, but reserved his right to appeal the denial of his motion. The court applied the United States Sentencing Guidelines and, in light of defendant's prior conviction, which IIRIRA reclassified as an aggravated felony, gave defendant a sixteen level offense enhancement. Defendant filed a timely notice of appeal from the judgment and sentence imposed by the district court.

## III. DISCUSSION

A. *Standards of Review*

■■■■ The district court's decision to preclude a defendant's proffered defense is reviewed de novo. *United States v. Moreno,* 102 F.3d 994, 997 (9th Cir.1996). The district court's interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir.1999).

gon, sitting by designation.

## B. *Merits*

### 1. *Entrapment by Estoppel*

■ Defendant alleges that he returned to the United States after five years because INS Form I–294 assured him that he could do so legally, provided that he wait five years after being deported. Accordingly, he argues that the doctrine of entrapment by estoppel should have barred the government from charging him under 8 U.S.C. § 1326.

■ Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law. *See United States v. Tallmadge*, 829 F.2d 767, 773 (9th Cir. 1987). To succeed under this theory, defendant must do more than show that the government made "vague or even contradictory statements." *Raley v. Ohio*, 360 U.S. 423, 438, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959). Rather, he must show that the government affirmatively told him the proscribed conduct was permissible, and that he reasonably relied on the government's statement. *Id.* A defendant's reliance is reasonable if "a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." *United States v. Lansing*, 424 F.2d 225, 227 (9th Cir.1970). *See also United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir.1991).

For example, in *Tallmadge*, this court held that the defendant, a convicted felon, could "not be prosecuted for purchasing a firearm when a federally licensed firearm dealer told him it was legal for him to make the purchase." 829 F.2d at 774. However, in *Brebner*, another case involving a convicted felon's purchase of a firearm, this court rejected defendant's entrapment by estoppel claim because there was "no evidence in the record that [the government agent] expressly told [defendant] that it was lawful for him to purchase the firearms." 951 F.2d at 1025.

In the present case, defendant relied on the statement in INS Form I–294 that "[b]y law (Title 8 of the United States Code, Section 1326) any deported person who within five years returns without permission is guilty of a felony." That misstatement is more like the one at issue in *Brebner* than in *Tallmadge*, because INS Form I–294 did not expressly tell defendant that it was lawful for him to return to the United States after five years. Even if defendant reasonably believed that returning after five years was not a felony, the form did not expressly tell him that returning without permission to the United States after five years was lawful. To the contrary, the form stated that defendant "must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation." Furthermore, the form correctly cited to 8 U.S.C. § 1326, which prohibits unauthorized reentry at any time.

In *United States v. Aquino–Chacon*, 109 F.3d 936 (4th Cir.1997), the Fourth Circuit found that Form I–294 provided insufficient legal basis for an entrapment by estoppel defense:

> There was no active misleading here because Form I–294 did not affirmatively assure [defendant] that reentry without permission was lawful if it occurred more than five years after his deportation. Instead, the form unequivocally provided that [defendant] was required to obtain permission prior to reentry. The language contained in Form I–294 that reentry without permission within five years of deportation is a felony neither states nor implies that reentry without permission after five years is permissible. Accordingly, we conclude that [defendant] could not have established the affirmative defense of entrapment by estoppel.

*Id.* at 939. We agree with the Fourth Circuit's conclusion that, because INS Form I–294 did not affirmatively misrepresent that defendant could lawfully reenter the United States without permission after five years, the defense of entrapment by estoppel is not applicable. Further-

more, because Form I–294 unequivocally required defendant to obtain permission to return to the United States, which he did not do, his alleged reliance was also unreasonable.

2. *Sentencing Guidelines*

Defendant concedes that IIRIRA reclassified his 1986 conviction of alien smuggling as an aggravated felony. He argues, however, that the sentencing enhancement provisions of IIRIRA § 276(b) do not apply to him because he reentered the United States before the effective date of IIRIRA.

■■■■ Congress plainly did not intend IIRIRA to apply to sentencings for crimes committed before that statute's enactment. Section 321(c) of IIRIRA provides:

> The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred, and shall apply under section 276(b) of the Immigration and Nationality Act [8 U.S.C. § 1326(b) ] *only to violations of section 276(a) of such Act [8 U.S.C. § 1326(a) ] occurring on or after such date.*

110 Stat. 3009–628 (emphasis added). Therefore, the district court correctly assessed a sixteen level enhancement for defendant's prior crime only if he violated section 1326 after September 30, 1996, the date IIRIRA became effective.

Under section 1326, a deported alien commits a crime either by entering, attempting to enter, or being found in the United States. 8 U.S.C. § 1326(a)(2). Defendant pleaded guilty to being found in the United States. This Circuit previously has held that the crime of being found in the United States after deportation is a continuing offense, which continues "so long as the alien remains in this country." *United States v. Guzman–Bruno,* 27 F.3d 420, 423 (9th Cir.1994). Under that rule, defendant committed the crime of being a deported alien found in the United States on May 1, 1998, the date he was arrested by the INS. *Id.* at 422. Because defendant violated 8 U.S.C. § 1326 after the effective date of IIRIRA, he was subject to that Act's amendments to the Sentencing Guidelines. For the same reason, defendant's argument that his sentence violated the ex post facto clause of the United States Constitution also fails.

**AFFIRMED.**