UNITED STATES of America,
Plaintiff–Appellee,

v.

Federico AMEZCUA–GARIBAY,
Defendant–Appellant.

No. 00–10052.

D.C. No. CR–99–00044–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 30, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Federico Amezcua–Garibay appeals the judgment of conviction and sentence upon his guilty plea for one count of unlawful reentry by a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Amezcua–Garibay contends that application of the aggravated felony provision of the U.S. Sentencing Guidelines to his conviction was error as a matter of law and that it violated the Ex Post Facto Clause of the United States Constitution. Because defendant failed to raise the issue before the district court, we review for plain error. *United States v. Romero–*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Avila*, 210 F.3d 1017, 1021–22 (9th Cir. 2000); Fed.R.Crim.P. 52(b). We find no error, much less plain error.

Amezcua violated 8 U.S.C. § 1326, by being a deported alien "found in" the United States, after the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104–208. As such, he was subject to that Act's amendments to the U.S. Sentencing Guidelines, *United States v. Ramirez–Valencia*, 202 F.3d 1106, 1110 (9th Cir.2000), and hence to the 16–level enhancement for having committed a prior "aggravated felony," as defined at 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2(b)(1)(A). Amezcua's argument that the IIRIRA amendments do not apply to defendants who were deported prior to the IIRIRA's effective date lacks merit.

Finally, Amezcua–Garibay waived his ex post facto argument by expressly agreeing to the use of the 1998 Guidelines Manual at his sentencing hearing. *See United States v. Gilcrist*, 106 F.3d 297, 302 (9th Cir.1997). In any event, his ex post facto argument is foreclosed by *Ramirez–Valencia*, 202 F.3d at 1110.

AFFIRMED.