**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Isaias MENDOZA, aka Rodolfo
Vizcarra–Zamora, Defendant—
Appellant.**

No. 03–10070.

D.C. No. CR–00–00527–EHC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided March 2, 2004.

Joseph Edward Koehler, AUS, USPX—Office of The U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

Javier Chon–Lopez, Asst. Fed. Pub. Def., FPDAZ—Federal Public Defender's Office (Tucson), Tucson, AZ, for Defendant–Appellant.

Before HUG, ALARCON, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Isaias Mendoza ("Mendoza") pleaded guilty to violating 8 U.S.C. § 1326(a), or illegal re-entry after deportation. He later sought to withdraw his plea, alleging that ineffective assistance of counsel led him to plead guilty. The district court denied the motion and Mendoza appealed. Because we find no abuse of discretion on the part of the district court, we affirm.

### BACKGROUND

The parties are familiar with the factual and procedural background of this case, so we recount it only as necessary to explain our reasoning. Mendoza entered his guilty plea with a court appointed attorney representing him at the Rule 11 hearing. Mendoza stated to the court that upon his previous deportation, someone had told him merely to leave the United States for five years and then return. The court inquired of Mendoza's attorney, who stated that he had discussed the matter with Mendoza and was satisfied that it was not a viable defense. The district court sentenced Mendoza, but subsequently modified the sentence based on Mendoza's pro se § 2255 motion.

About two years after entry of his plea, Mendoza sent a letter to the court complaining that his first attorney had not recognized a possible defense against the charge to which Mendoza pleaded guilty. The Federal Public Defender's Office took up representation of Mendoza and filed a motion to withdraw the guilty plea. The district court found that Mendoza had shown no just and fair reason supporting his request and re-sentenced him to time served. Mendoza appealed the denial of his motion.

### JURISDICTION

We have jurisdiction to review the district court's decision as a final judgment under 28 U.S.C. § 1291(a).

### DISCUSSION

On appeal, Mendoza argues that the district court erred in two respects. First, he contends that the court required him to demonstrate actual innocence as opposed to the "fair and just reason" standard required by Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure.[1] Second, he contends that the district court improperly rejected his contention that his first attorney failed to recognize a potential defense as a basis for finding ineffective assistance of counsel and thus a just and fair reason supporting his request to withdraw his plea.

### A. Standard of Review

We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Reyna–Tapia,* 328 F.3d 1114, 1117 (9th Cir.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Rule 32(e) formerly governed motions to withdraw a guilty plea. The relevant provisions were moved without substantive change to Rule 11(d)(2) in 2002. *United States v. Reyna–Tapia,* 328 F.3d 1114, 1117 n. 2 (9th Cir.2003) (en banc). Further references will be to the Rule in its current form.

2003) (en banc). A district court abuses its discretion by applying the incorrect legal standard. *See United States v. Ruiz,* 257 F.3d 1030, 1033 (9th Cir.2001) (en banc).

## B. The Legal Standard for Withdrawing a Plea

■ A defendant must show a "fair and just reason" for setting aside a guilty plea once the district court has accepted it. Fed.R.Crim.P. 11(d)(2)(B); *United States v. Hyde,* 520 U.S. 670, 671, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997) (examining former rule 32(e)); *Ruiz,* 257 F.3d at 1031–32. It is clear that the district court applied the correct standard when it denied Mendoza's motion. The court asked Mendoza's attorney if the correct standard was demonstration of a fair and just reason, and the attorney confirmed that it was. Further, in finally denying Mendoza's motion, the district court stated its reason as "... I don't find any fair and just reason for him to withdraw from his plea agreement." The district court's mention of actual innocence did not indicate that it was applying actual innocence as the standard. We hold that the district court applied the correct legal standard.

## C. Inadequate Assistance of Counsel as a Fair and Just Reason

■ Mendoza has not met his burden under Rule 11 because he has not shown that he was prejudiced by any deficiency on the part of his original attorney. Inadequate assistance of counsel requires that Mendoza show that his attorney's representation fell below the normal standard of representation and that this deficient representation prejudiced him. *See Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Mendoza has not demonstrated that his asserted defense had a "reasonable proba-

bility" of success, so he has not demonstrated prejudice based on his previous attorney's failure to recognize it. *See id.* at 694; *Totten v. Merkle,* 137 F.3d 1172, 1175 (9th Cir.1998) (presentation of defense not supported by facts not "reasonably probable" to alter jury's verdict).

Mendoza argues that his attorney failed to recognize a potential entrapment by estoppel defense. Entrapment by estoppel is a defense wherein a government official or agent leads a defendant into criminal conduct by affirmatively misrepresenting what is legal. *See United States v. Tallmadge,* 829 F.2d 767, 773 (9th Cir. 1987). Vague statements or conduct on the part of the official do not suffice. *United States v. Ramirez–Valencia,* 202 F.3d 1106, 1109 (9th Cir.2000) (per curiam); *see also United States v. Brebner,* 951 F.2d 1017, 1025 (9th Cir.1991).

Mendoza asserted two facts as the basis of his defense. He stated that on his earlier deportation, someone told him to stay out for five years and return, but never identifies who made this statement or indicates if it was a federal agent. He also asserted that the INS Form I–294 form provided to him said something misleading regarding the legality of his return after five years. Mendoza relies on out-of-circuit authority, *United States v. Idowu,* 105 F.3d 728 (D.C.Cir.1997), for the proposition that an erroneous version of the I–294 form may entrap the defendant. Mendoza did not, however, provide the district court with the precise wording of his form. We have rejected as a basis for entrapment by estoppel the version at issue in *Idowu* because the form was at worst vague and did not expressly tell the deportee that return without permission was legal. *Ramirez–Valencia,* 202 F.3d at 1109. Mendoza did not provide the district court with the form he alleges en-

trapped him, nor did he explain precisely what advice he received and from whom.

On appeal, Mendoza argues that he raised the possibility of this defense before the district court, and so demonstrated a fair and just reason to withdraw his plea. The mere possibility of a viable defense does not constitute *Strickland* prejudice. Under Rule 11, the burden is on the defendant seeking to withdraw a guilty plea, and here all of the relevant facts supporting Mendoza's defense were within his knowledge. It was within the district court's discretion to deny the motion to withdraw his plea.

## CONCLUSION

We hold that district court did not abuse its discretion in denying Mendoza's motion to withdraw his plea of guilty. The district court applied the proper "just and fair reason" standard under Rule 11 and Mendoza failed to demonstrate a factual basis for his asserted defense. As such, he did not demonstrate prejudice supporting his ineffective assistance of counsel claim and denial of his withdrawal motion was within the district court's sound discretion.

AFFIRMED