**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David LOPEZ–MONTANEZ,**
**Defendant—Appellant.**

No. 04–50260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided Aug. 26, 2005.

See also 421 F.3d 926.

Before: B. FLETCHER, RYMER and FISHER Circuit Judges.

MEMORANDUM *

David Lopez–Montanez appeals the judgment of the district court sentencing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

him to 46 months' imprisonment following his conviction in a jury trial for reentry after removal, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse and vacate in part and remand for resentencing.[1]

Lopez–Montanez argues that the district court erred when it admitted the certificate of nonexistence of record ("CNR"), without the testimony of the government agent who prepared the document, because it violated his Sixth Amendment right to cross examination under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The introduction of a CNR to prove that Lopez–Montanez did not seek admission from the Attorney General to enter the United States does not constitute testimonial hearsay evidence. Rather, it is properly admitted as a nontestimonial official record. *See United States v. Cervantes–Flores*, 04–50260, ———.

Lopez–Montanez further argues that the district court erred by concluding that Ninth Circuit case law proscribed a departure based on a government form that only informed Lopez–Montanez of the penalties associated with returning to the United States within a year of deportation. Although the district court stated that it was declining to depart "for a combination of circumstances," it appeared to rely primarily on its erroneous reading of *United States v. Ramirez–Valencia*, 202 F.3d 1106 (9th Cir.2000), and assumed that it was precluded from relying on the form as a basis of departure. *Ramirez–Valencia*, however, did not discuss whether a sentencing court had the authority to depart

based on a defendant's reliance on a similar form. Because we reverse the judgment, vacate the sentence and remand for resentencing based on a different error, *see supra* note 1, on remand the district court should consider in its discretion whether downward departure is warranted based on Lopez–Montanez's alleged reliance on the form.

Finally, Lopez–Montanez raises for the first time on appeal a challenge to his sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), claiming that the district court improperly found facts concerning the nature and characteristics of his prior convictions in applying the sentence enhancements. Neither *Blakely* nor *Booker* disturbed the exception carved out in *Apprendi* that sentence enhancements based on judge-made findings of prior convictions do not violate the Sixth Amendment. *See United States v. Booker*, ——— U.S. ———, ———, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005); *see also United States v. Quintana–Quintana*, 383 F.3d 1052, 1053 (9th Cir.2004) (noting that *Blakely* did not upset the "well-settled" *Apprendi* exception for the fact of a prior conviction).

Nonetheless, the Sentencing Guidelines are no longer mandatory and we cannot determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory. *See United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir.2005) (en banc). On remand, therefore, the district court should also consider in its discretion Lopez–Montanez's sentence in light of *Ameline*.

---

1. In a separate published opinion, filed concurrently herewith, we conclude that absent evidence proving that Lopez–Montanez's actual conviction under California's over-inclusive sexual battery statute encompassed the requisite use of force to constitute a "crime of violence," the district court erred in applying the 16–level sentencing enhancement. Accordingly, we reverse the judgment, vacate the sentence and remand for resentencing.

AFFIRMED in part, REVERSED and VACATED in part per the separate published opinion filed concurrently herewith, and REMANDED for resentencing.

RYMER, Circuit Judge, concurring in part and dissenting in part.

I disagree with my colleagues' take that the district court believed it lacked authority to downward depart based on *United States v. Ramirez–Valencia,* 202 F.3d 1106 (9th Cir.2000). As I read the record, the district court declined to grant a downward departure because our decision in *Ramirez–Valencia* states that another government form with similar language to the I–296 form relied upon by Lopez–Montanez "unequivocally required defendant to obtain permission to return to the United States," and that the defendant's alleged reliance on this unequivocal language to return *without* permission was unreasonable. 202 F3.d 1106, 1110 (9th Cir.2000). Although *Ramirez–Valencia* concerned a defendant's use of this reliance theory as an affirmative defense, and Lopez–Montanez's claim arose in the context of a downward departure, the district court was well within its rights to reject Lopez–Montanez's departure request in light of the fact that our past precedent holds that it is unreasonable for an alien to believe that the form language indicates it is lawful to reenter without permission. I therefore would not instruct the district court to reconsider its decision not to downward depart on remand. Otherwise, I concur.