**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

                v.

CRUZ HERNANDEZ-GUERRERO,
            *Defendant-Appellant.*

No. 10-50096

D.C. No.
2:09-cr-00991-
CAS-1

OPINION

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted January 11, 2011*
Pasadena, California

Filed February 23, 2011

Before: M. Margaret McKeown, William A. Fletcher, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Kurt Mayer, Deputy Federal Public Defender, Los Angeles, California, for the appellant.

Robert E. Dugdale and Stephanie S. Christensen, Assistant United States Attorneys, Los Angeles, California, for the appellee.

---

**OPINION**

CLIFTON, Circuit Judge:

Cruz Hernandez-Guerrero ("Hernandez") pled guilty to being an alien found in the United States following deportation in violation of 8 U.S.C. § 1326(a). He was sentenced to twenty-seven months of imprisonment. Hernandez appeals this sentence, contending that the district court erred in using the date he reentered the country instead of the date he was actually found in the country when it determined the appropriate range under the now-advisory Sentencing Guidelines. In particular, when the district court computed Hernandez's criminal history score, it added points under U.S.S.G. § 4A1.2(e)(1) based upon his 1992 controlled substance conviction, which the court concluded had been imposed within fifteen years of the commencement of Hernandez's current offense. We agree with the district court that it is appropriate to use the date of reentry—the date when the § 1326 offense commenced—for purposes of calculating criminal history points under U.S.S.G. § 4A1.2(e)(1). We also conclude that the finding by the district court that Hernandez last reentered the United States on June 29, 1995, was not clearly erroneous. We thus affirm the sentence imposed upon Hernandez by the district court.

## I.  Background

Hernandez was convicted in 1992 for possession for sale of a controlled substance under California Health & Safety Code § 11351 and was sentenced to three years imprisonment. He was deported on June 7, 1995. Hernandez was subsequently

found in the United States on June 29, 2009. He was charged with being found in the United States following deportation and pled guilty to that charge. The sentence imposed following this conviction is the subject of this appeal.

In calculating Hernandez's sentence, the district court assessed three criminal history points based on Hernandez's 1992 controlled substance conviction. The Guidelines provide that in calculating a defendant's criminal history score, three points should be added for each prior sentence of imprisonment exceeding one year and one month, U.S.S.G. § 4A1.1(a), if that prior sentence was imposed "within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1).

Adding these three points involved two pertinent rulings by the district court. First, the court found that the instant illegal reentry offense commenced on June 29, 1995, the date of reentry. This date was derived from the Pre-sentence Report ("PSR"), which stated that after his June 29, 2009 arrest, Hernandez informed Immigration and Customs Enforcement ("ICE") officials that "he last illegally re-entered the U.S. via Calexico, California, on June 29, 1995." Second, the court held that because the instant offense commenced on June 29, 1995, the three-year sentence for Hernandez's 1992 conviction was imposed within fifteen years of the reentry offense and warranted three criminal history points under U.S.S.G. § 4A1.2(e)(1).

## II.  Discussion

This case permits us to clarify the law in our Circuit concerning the operative date of a 8 U.S.C. § 1326(a) violation for purposes of calculating criminal history points under U.S.S.G. § 4A1.2(e)(1). Hernandez argues that in calculating his criminal history score, the district court should have used the 2009 date he was actually found in the United States, instead of the 1995 date on which he allegedly reentered the

country. He also contends that the government did not establish that June 29, 1995 was his last reentry date.

This court reviews the district court's interpretation of the Sentencing Guidelines de novo, *United States v. Garcia-Jimenez*, 623 F.3d 936, 940 (9th Cir. 2010), and the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion, *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009). Factual findings are reviewed for clear error. *Id*. The district court's evaluation of the reliability of evidence presented at sentencing is reviewed for an abuse of discretion. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001).

### A.    *Operative Date for an Illegal Reentry Offense*

**[1]** This Court has "repeatedly . . . held that the crime of being 'found in' the United States after deportation is a continuing offense which continues so long as the alien remains in the country. That is, the offense commences with the illegal entry, but is not completed until discovery." *United States v. Reyes-Pacheco*, 248 F.3d 942, 946 (9th Cir. 2001) (internal citations omitted). We have also observed that "presence at any time subsequent to the entry is a crime subject to the penalties then in effect." *United States v. Guzman-Bruno*, 27 F.3d 420, 423 (9th Cir. 1994).

**[2]** Although we have used the "reentry" date for Sentencing Guidelines calculations in certain circumstances and have used the "found-in" date in others, we have never held that one date must always be used instead of the other. Two of our cases illustrate this point.

In *Reyes-Pacheco*, the defendant was found by authorities in 2000 but admitted to reentering the United States in 1996. 248 F.3d at 944. The sentencing court used the 1996 reentry date instead of the 2000 found-in date when computing criminal history points under U.S.S.G. § 4A1.1(d) for the § 1326

violation. *Id.* Reyes-Pacheco received two points for committing the offense while on parole or less than two years following release from imprisonment. *Id.* at 946. Reyes-Pacheco was on parole for a prior offense in 1996 but, in 2000, was no longer on parole or within two years of being released. On plain error review, we affirmed. We held that "[g]iven the continuing nature of the 'found in' offense, 'part of the instant offense' . . . occurred on April 11, 1996," and it was not error to use the 1996 date. *Id.*; *see also United States v. Marler*, 527 F.3d 874, 879 n.3 (9th Cir. 2008) (discussing the continuing nature of a § 1326 violation).

Our decision in *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1110 (9th Cir. 2000), affirmed the district court's use of the found-in date instead of the reentry date in determining the defendant's sentence, but in a different context. Ramirez-Valencia was convicted of alien smuggling in violation of 8 U.S.C. § 1324(a)(2) in 1986 and was deported in 1988. Sometime before September 1994, the defendant illegally reentered and remained in the United States. In 1996, after he had reentered the country, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which reclassified alien smuggling as an aggravated felony. Then, in 1998, the defendant was found and pled guilty to being a deported alien found in the United States under 8 U.S.C. § 1326. At sentencing for the § 1326 offense, the district court treated his 1986 conviction for alien smuggling as an aggravated felony and increased the offense level accordingly. *Id.* at 1108. The defendant argued that because he reentered the country prior to September 1994, before the IIRIRA reclassification took effect, the court should not apply the sentencing enhancement. *Id.* at 1110. Although we agreed that IIRIRA should not be applied retroactively, we concluded that because a § 1326 offense was a continuing offense, the defendant violated § 1326 on the date he was found, which was in 1998, after IIRIRA became effective. We upheld the sentencing enhancement based on the found date, not the reentry date, and thus there was no retro-

active application of IIRIRA. *Id.*; *see also United States v. Mendoza-Iribe*, 198 F.3d 742, 744 (9th Cir. 1999) (concluding that because § 1326 is a continuing offense, it did not violate the *ex post facto* clause to apply the IIRIRA amendments to a defendant who had reentered the country prior to the amendments but who had been found after the amendments).

**[3]** *Reyes-Pacheco* and *Ramirez-Valencia*, together, stand for the principle that a defendant's presence in this country after an unlawful reentry may give rise to additional penalties. *See Guzman-Bruno*, 27 F.3d at 423. The statute's plain language makes it a crime to enter or be "at any time found in" the United States. *Id.*; 8 U.S.C. § 1326(a)(2). The continuous nature of the § 1326 offense puts defendants on notice that they are in violation each day they remain illegally in the United States.

**[4]** The context of each case will determine which date during the continuous time period is relevant for calculating criminal history points for a § 1326 violation. For instance, in *Reyes-Pacheco*, the question was whether the defendant had committed the reentry offense while on parole. 248 F.3d at 946. Therefore, the earlier portion of his § 1326 offense that overlapped with the parole period was the pertinent time period. *Id.* In contrast, in *Ramirez-Valencia*, the later part of the § 1326 offense was the relevant time period because it occurred after IIRIRA took effect. 202 F.3d at 1110.

Our decision in *United States v. Maria-Gonzalez*, 268 F.3d 664 (9th Cir. 2001), is consistent with this understanding. In that decision we summarized *Ramirez-Valencia* to say that "the offense of being found in the United States occurs on the date the defendant is apprehended." *Id.* at 668. That statement must be understood in its context. Like *Ramirez-Valencia*, *Maria-Gonzalez* was concerned with applying IIRIRA to a § 1326 violation that commenced prior to IIRIRA's enactment but continued past IIRIRA's effective date. We did not say that the offense of being found in the United States occurred

*only* on the date of apprehension. Nor could we have, for the offense is a continuing one. *Maria-Gonzalez* did not distinguish *Reyes-Pacheco* and did not purport to redefine the law on this issue.

**[5]** For the purpose of calculating criminal history points under U.S.S.G. § 4A1.2(e)(1) based on a prior conviction and sentence, the issue raised by the case at hand, the operative date of a § 1326 offense is the date of reentry, as we held in *Reyes-Pacheco*. Under U.S.S.G. § 4A1.2(e)(1), the sentencing court counts a prior offense and adds three points only if the prior sentence "was imposed within fifteen years of the defendant's *commencement* of the instant offense." *Id.* (emphasis added). As noted above, the offense of being found in the United States "commences with the illegal entry." *Reyes-Pacheco*, 248 F.3d at 946. The district court properly based Hernandez's criminal history score on his reentry date instead of the date he was found and arrested.

## B.   *Calculation of Criminal History Score*

We next turn to whether the district court clearly erred in making the factual finding that Hernandez last reentered on June 29, 1995. According to the PSR, Hernandez informed ICE officials that he last reentered the country on June 29, 1995. This statement was not challenged or controverted by any other evidence.

**[6]** The district court is entitled to rely on an unchallenged portion of a PSR. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) ("[T]he district court may rely on undisputed statements in the PSR at sentencing."); *United States v. Charlesworth*, 217 F.3d 1155, 1160-61 (9th Cir. 2000) (holding that information in a PSR was sufficient because the defendant offered no evidence to contradict the PSR and instead only argued that the government had not sustained its burden of proof). In this case, not only was

the date provided by the PSR unchallenged, but the information was provided by Hernandez himself.

**[7]** Contrary to Hernandez's insistence that the government provide "exact proof" that he was in the country continuously after June 29, 1995, a court may find continuous presence in the United States by a preponderance of the evidence even if "the government's evidence does not account for [the defendant's] presence in the United States at every moment since [the reentry]." *Garcia-Jimenez*, 623 F.3d at 941-42. Here, the PSR presented evidence establishing Hernandez's continuous presence in the United States in the form of employment history and dates of arrest in the United States, and established motivation to stay in the country to remain with his family. *See id.* at 941. Nothing in the record indicates Hernandez was anywhere but in the United States during the relevant time period. Accordingly, the court did not clearly err when it concluded that the PSR, uncontradicted by any other evidence, established by a preponderance of the evidence that Hernandez last reentered the United States and commenced the instant offense on June 29, 1995.

**[8]** The three-year sentence imposed in 1992 was imposed within fifteen years of the 1995 commencement of the instant offense. Therefore, the district court's calculation under the Sentencing Guidelines was correct.

**AFFIRMED.**