NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-30182 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:05-cr-00113-WFN-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| GERARDO RIOS-OROZCO, AKA | ) | |
| Gerardo Rio-Orosco, AKA | ) | |
| Gerardo Rios-Orosco, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 11-30183 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:10-cr-02027-WFN-1 |
| | ) | |
| v. | ) | |
| | ) | |
| GERARDO RIOS-OROZCO, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of Washington

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted March 6, 2012
Seattle, Washington

Before:    FERNANDEZ and PAEZ, Circuit Judges, and GWIN,[**] District
Judge.

Gerardo Rios-Orozco appeals his conviction and sentence for being a

removed alien found in the United States (No. 11-30183).  8 U.S.C. § 1326.  He

also appeals the judgment revoking his supervised release and the sentence for that

revocation (No. 11-30182).  We affirm.

(1)    Rios first contends that the indictment for being found in the United

States should have been dismissed due to a violation of the speedy trial guarantee

of the Sixth Amendment.  See U.S. Const. amend. VI.  We disagree.  The delay

was sufficient to require application of the four-factor balancing test.  See Barker

v. Wingo, 407 U.S. 514, 530–34, 92 S. Ct. 2182, 2192–94, 33 L. Ed. 2d 101

(1972); United States v. Mendoza, 530 F.3d 758, 762 (9th Cir. 2008).  However,

the delay was not excessive[1] and was due to mere negligence on the part of the

_____

[**]The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

[1]See United States v. King, 483 F.3d 969, 976 (9th Cir. 2007); United States
v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003).

2

government,[2] and the evidence does not show that his defense was impaired by the delay.[3] On balance, his constitutional right to a speedy trial was not violated. See Guerrero, 756 F.2d at 1350; United States v. Holm, 550 F.2d 568, 569 (9th Cir. 1977) (per curiam); Simmons, 536 F.2d at 832.

(2) Rios next asserts that the district court erred when it precluded him from presenting his defense of entrapment by estoppel to the jury. Again, we disagree. He did not proffer sufficient evidence to establish a prima facie case. See United States v. Schafer, 625 F.3d 629, 637–38 (9th Cir. 2010), cert. denied, ___ U.S. ___, 131 S. Ct. 2919, 179 L. Ed. 2d 1259 (2011); United States v. Ramirez-Valencia, 202 F.3d 1106, 1109 (9th Cir. 2000) (per curiam). At the very least, he failed to show that the agents were aware of all of the salient facts,[4] or that

---

[2]See Barker, 407 U.S. at 531, 92 S. Ct. at 2192; United States v. Beamon, 992 F.2d 1009, 1013 (9th Cir. 1993).

[3]See Gregory, 322 F.3d at 1163; United States v. Lam, 251 F.3d 852, 859–60 (9th Cir. 2001), amended by 262 F.3d 1033 (9th Cir. 2001); United States v. Guerrero, 756 F.2d 1342, 1350 (9th Cir. 1984) (per curiam). We recognize that he claims some anxiety, but under the circumstances, we see that as a minimal indication of prejudice. See Guerrero, 756 F.2d at 1350; United States v. Simmons, 536 F.2d 827, 831–32 (9th Cir. 1976); see also United States v. Mohawk, 20 F.3d 1480, 1486 (9th Cir. 1994).

[4]See United States v. Brebner, 951 F.2d 1017, 1025–26 (9th Cir. 1991); see also United States v. Batterjee, 361 F.3d 1210, 1216–17 (9th Cir. 2004).

they affirmatively misled him,[5] or that he reasonably relied on any of their actions when he remained in the United States after his hospital stay.[6]

(3)  Similarly, Rios did not establish a prima facie case of necessity. See United States v. Arellano-Rivera, 244 F.3d 1119, 1125–26 (9th Cir. 2001). Assuming, without deciding,[7] that necessity did prompt his initial desire to enter the United States, he simply failed to present evidence that necessity justified his remaining in the United States after his hospital stay. Id.; see also United States v. Pina-Jaime, 332 F.3d 609, 612–13 (9th Cir. 2003); United States v. Ortiz-Villegas, 49 F.3d 1435, 1436 (9th Cir. 1995).

(4)  Finally, Rios asserts that the district court erred[8] when it determined that his federal sentences would run consecutively to each other and to a state court sentence for robbery. However, the district court exercised its discretion[9] after

---

[5]See Ramirez-Valencia, 202 F.3d at 1109; Brebner, 951 F.2d at 1025–26.

[6]See Schafer, 625 F.3d at 637–38; cf. United States v. Tallmadge, 829 F.2d 767, 774–75 (9th Cir. 1987).

[7]We do recognize that there are substantial reasons to question this assumption. See, e.g., United States v. Perdomo-Espana, 522 F.3d 983, 988–89 (9th Cir. 2008); Arellano-Rivera, 244 F.3d at 1126.

[8]Review is for plain error. See United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

[9]United States v. Fifield, 432 F.3d 1056, 1063 (9th Cir. 2005).

4

considering the evidence and the various sentencing factors.[10]  We cannot say that it erred in so doing.  See United States v. Gutierrez-Silva, 353 F.3d 819, 823 (9th Cir. 2003).

AFFIRMED.

---

[10]See 18 U.S.C. § 3553(a); USSG §5G1.3(c) & comment. (n.3(A)) (Nov. 2010); United States v. Arellano-Torres, 303 F.3d 1173, 1181 (9th Cir. 2002).