
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50401 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02239-JAH-1 |
| v. | |
| MAXIMINO RODRIGUEZ-ROBLES, AKA Max Rodriguez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted July 8, 2013[**]
Pasadena, California

Before: BENAVIDES,[***] BYBEE, and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Maximino Rodriguez-Robles was convicted of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. On appeal, Rodriguez-Robles argues that the district court erred in granting the government's motion in limine to preclude Rodriguez-Robles from presenting evidence that he believed he could enter the United States based on his membership in the Kumiai Indian tribe, and in denying Rodriguez-Robles's motion in limine to allow him to present a defense of his good faith belief that he had permission to enter the United States. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Although Rodriguez-Robles now concedes that evidence of his good faith belief that he entered the United States legally was not relevant to the elements of 8 U.S.C. § 1326, he argues that such evidence was relevant to the affirmative defense of entrapment by estoppel, and that the district court erred in precluding his defense.[1] A district court "should exclude [a] defense and the evidence offered in support" of the defense "[i]f the defendant's offer of proof is insufficient as a

---

[1] We generally review a district court's decision to preclude a defendant from presenting the affirmative defense of entrapment by estoppel de novo. *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1108 (9th Cir. 2000) (per curiam). However, the government argues that we should review the district court's decision for plain error because Rodriguez-Robles did not identify entrapment by estoppel as a theory of defense below. *See United States v. Alexander*, 287 F.3d 811, 817 (9th Cir. 2002); *cf. United States v. Fuchs*, 218 F.3d 957, 961–62 (9th Cir. 2000). We need not resolve this question because Rodriguez-Robles's claims fail under either standard of review.

matter of law to support the proffered defense." *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001). To establish entrapment by estoppel, a defendant must show that "(1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that [the defendant] relied on the false information, and (5) that his reliance was reasonable." *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (citations and internal quotation marks omitted).

Even if we assume that Rodriguez-Robles proffered sufficient evidence to support all of his allegations, he failed to allege sufficient facts to establish that he made the immigration officer who allegedly admitted him to the United States "aware of all the relevant historical facts." *Id.* at 1216; *see also United States v. Tallmadge*, 829 F.2d 767, 774 (9th Cir. 1987). Rodriguez-Robles never told the immigration officer that he had previously been deported, even though Rodriguez-Robles should have been well aware that his prior deportations were relevant to whether he could legally enter the United States—he had received a notice of removal specifically indicating that he was barred from entering or being in the United States for 20 years.

3

Moreover, Rodriguez-Robles also failed to proffer sufficient facts showing that "his reliance [on the immigration officer] was reasonable." *Batterjee*, 361 F.3d at 1216. "[A] person sincerely desirous of obeying the law [in Rodriguez-Robles's situation] would . . . have been put on notice to make further inquiries," *id.* at 1216–17, precisely because the notice that Rodriguez-Robles received specifically and unequivocally stated that he was prohibited from entering or being in the United States for 20 years.

Since Rodriguez-Robles did not proffer sufficient facts to show that he made the immigration officer aware of all the relevant historical facts, or that his reliance on the immigration officer was reasonable, Rodriguez-Robles's offer of proof was insufficient as a matter of law to establish entrapment by estoppel. *See Arellano-Rivera*, 244 F.3d at 1125; *see also United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009).

AFFIRMED.