**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30112 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00139-EJL-2 |
| v. | |
| JENNIFER DIXON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 13, 2014[**]
Portland, Oregon

Before: GOODWIN, IKUTA, and N.R. SMITH, Circuit Judges.

Appellant Jennifer Dixon reserved the right to this appeal pursuant to a

conditional plea agreement. Dixon challenges the district court's pretrial

ruling that precluded her from asserting entrapment by estoppel as a defense at

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

trial.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's decision to exclude evidence of an entrapment by estoppel defense.  *See United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir. 1991).  Dixon argues that she was entitled to assert the defense because Boise police officers – who were investigating separate, unrelated crimes – failed to inform her that selling drug paraphernalia was illegal under federal law.  Government inaction, however, is insufficient to establish entrapment by estoppel.  *See United States v. Woodley*, 9 F.3d 774, 779 (9th Cir. 1993).

Dixon argues that the officers' silence was an adoptive admission under Federal Rule of Evidence 801(d)(2)(B).  However, the district court did not exclude the evidence because it was hearsay; it was excluded because the evidence related only to Dixon's entrapment by estoppel defense.  The officers' mere silence did not constitute an affirmative statement that selling the paraphernalia was permissible.  *See United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000).

**AFFIRMED**