**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br><br>MIGUEL ASCENCIO GARCIA,<br><br>Defendant - Appellant. | No. 15-10398<br><br>D.C. No. 3:14-cr-00537-VC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted September 16, 2016
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and SESSIONS,** District Judge.

Miguel Ascencio Garcia ("Ascencio") appeals his conviction under 8 U.S.C.

§ 1326 of being a removed alien found in the United States without the consent of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

the Attorney General. He argues that the district court erred in denying his motion to dismiss the indictment and in precluding the defense of entrapment by estoppel. We affirm.

1. The district court did not err in denying Ascencio's request for a jury instruction on entrapment by estoppel. A defendant attempting to raise the defense of entrapment by estoppel against a federal statute must have reasonably relied on a federal agent's mistaken advice. *United States v. Collins*, 61 F.3d 1379, 1385 (9th Cir. 1995). That federal official must affirmatively represent that the proscribed conduct is in fact permissible. *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000) (per curiam). Ascencio relied on the statement of a *state* judge, not a federal official.

Moreover, that state judge did not affirmatively tell Ascencio that he could legally remain in the United States; she only instructed him to report to the probation office. Our case law is clear that once a removed alien voluntarily reenters the United States, he or she may be "found in" the country in violation of 8 U.S.C. § 1326 even when their continued presence in the United States is no longer voluntary (for example, when the alien is "found in" the country while in state custody). *See United States v. Salazar-Robles*, 207 F.3d 648, 650 (9th Cir. 2000); *United States v. Ortiz-Villegas*, 49 F.3d 1435, 1437-38 (9th Cir. 1995). So

2

the fact that he was at the probation office because he was ordered to be there does not preclude a "found in" finding.

2. The district court properly denied Ascencio's motion to dismiss the indictment for outrageous government conduct. To rise to the level of outrageous government conduct, state action must be "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Holler*, 411 F.3d 1061, 1065-66 (9th Cir. 2005) (internal citation and quotation marks omitted). There is no evidence in the record establishing a policy in the Sonoma County Probation Office wherein probation officers are to refrain from reporting undocumented aliens to the Immigration and Customs Enforcement agency of the Department of Homeland Security. Even if such a policy existed, there is no misconduct, much less outrageous conduct, where a state law enforcement officer cooperates with a federal agency to enforce federal immigration law by reporting a violation to federal officers. *See* 8 U.S.C. § 1357(g)(10)(A); *Arizona v. United States*, 132 S. Ct. 2492, 2508 (2012).

3. The district court did not err in denying Ascencio's motion to dismiss the indictment on the ground that the underlying order of removal was invalid. Ascencio has not demonstrated that his waivers of his right to counsel and right to appeal at his removal hearings were involuntary. The Immigration Judges ("IJ") at

3

Ascencio's removal hearings discussed Ascencio's right to counsel with him at length and repeatedly offered him more time to obtain counsel. Ascencio consulted several attorneys regarding his case, but elected not to retain counsel.[1] Further, the IJ at Ascencio's final removal hearing expressly advised Ascencio of his right to appeal the removal order. Ascencio elected to accept the order and not to appeal.

**AFFIRMED.**

---

[1] Although Ascencio contends that anxiety regarding his medical condition, and lack of access to adequate medication in jail, overpowered his free will at his removal hearings, that contention is not supported by the record. After Ascencio raised the issue of his medical treatment in the first of three removal hearings, the IJ instructed a representative from the Department of Homeland Security to ensure that Ascencio received adequate medical treatment while incarcerated and to protect his right to privacy. In his final removal hearing two weeks later, the IJ reviewed Ascencio's medical history and demeanor, and found him competent. When the IJ inquired as to Ascencio's mental and emotional state on the day of the hearing, Ascencio stated that while he was "a bit nervous," he was prepared for the hearing and capable of arguing his case.