**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-30154 |
| Plaintiff-Appellee, | D.C. No. 9:15-cr-00025-DWM |
| v. | |
| WADE PATRICK WRIGHT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted April 11, 2017[**]

Before:      GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Wade Patrick Wright appeals from the district court's judgment and

challenges the 58-month sentence imposed following his guilty-plea conviction for

possession with intent to distribute controlled substances, in violation of 21 U.S.C.

§ 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291.  We dismiss, but

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

remand for the district court to correct the judgment.

Wright contends that the district court violated his due process rights by relying on unreliable hearsay evidence in applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). The government contends that this appeal is barred by the appeal waiver contained in the parties' plea agreement. Reviewing de novo, *see United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007), we dismiss. The district court did not abuse its discretion in finding that the hearsay statements had sufficient indicia of reliability given the corroborating firearm and drug evidence found in Wright's apartment. *See United States v. Hernandez-Guerrero*, 633 F.3d 933, 935 (9th Cir. 2011) (reliability determination reviewed for abuse of discretion); *United States v. Vanderwerfhorst*, 576 F.3d 929, 936 (9th Cir. 2009) (*"Challenged information is deemed false or unreliable if it lacks some minimal indicium of reliability beyond mere allegation." (internal quotations omitted)). In any event, the district court correctly determined that, independent of the challenged hearsay, it was not "clearly improbable" that Wright possessed a firearm in connection with his drug offense. *See* U.S.S.G § 2D1.1 cmt. n. 11(A). Because Wright's due process rights were not violated, we dismiss pursuant to the valid appeal waiver. *See Bibler*, 495 F.3d at 624.

We remand to the district court with instructions to correct Wright's

16-30154

judgment to reflect the correct statute of conviction, 21 U.S.C. § 841.

**DISMISSED; REMANDED to correct the judgment.**