**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10367 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00112-JCM-VCF-1 |
| v. | |
| WILLIAM WALLER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 14, 2020**
San Francisco, California

Before:  FERNANDEZ, WARDLAW, and COLLINS, Circuit Judges.

William Waller appeals the district court's denial of his motion for acquittal

on two counts of willful failure to file a tax return under 26 U.S.C. § 7203 and one

count of attempt to evade or defeat tax under 26 U.S.C. § 7201.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Panel

1.     The district court correctly concluded that venue was proper in Nevada for the failure to file charges. "Failure to file a tax return is an offense either at the defendant's place of residence, or at the collection point where the return should have been filed." *United States v. Hicks*, 947 F.2d 1356, 1361 (9th Cir. 1991) (citation omitted). This is true even if the defendant is required to file his return in a state in which he does not reside. *Id.* The Nevada venue was proper because Waller resided in Nevada.

2.     The district court properly concluded that sufficient evidence supported the attempted tax evasion conviction, even though Waller did not receive a notice of tax deficiency for the relevant years. "The elements of attempted income tax evasion under 26 U.S.C. § 7201 are: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007) (citation omitted). To prove willfulness, the government must show that the "law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). "A tax deficiency exists from the date a return is due to be filed" and is not dependent on a final assessment by or notice of deficiency from the IRS. *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir. 1981); *see also* 26 U.S.C. § 6151(a). There was sufficient evidence for the jury to

conclude that Waller knew of his deficiency and intentionally violated his duty to pay tax: Waller's real estate brokerage provided him with 1099 Forms; he had paid income tax previously; and he had been penalized for filing a "zero" return in the past.

3. The district court did not abuse its discretion by not admitting into evidence two video clips of former IRS agents discussing tax law because the probative value of the videos was outweighed by the risk of unfair prejudice. The video evidence was "repetitive, only marginally relevant," and "pose[d] an undue risk of . . . confusion of the issues." *Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006) (cleaned up). Because Waller was able to "present the substance" of his defense by testifying to the contents of the videos and how they affected his subjective state of mind, the district court's evidentiary ruling achieved the proper balance under Federal Rule of Evidence 403 and did not violate Waller's constitutional rights. *United States v. Waters*, 627 F.3d 345, 353–54 (9th Cir. 2010); *see also United States v. Bergman*, 813 F.2d 1027, 1029–30 (9th Cir. 1987); *United States v. Malquist*, 791 F.2d 1399, 1402 (9th Cir. 1986).

4. The district court properly rejected Waller's requested entrapment by estoppel instruction because there was no "foundation in the evidence" for the instruction. *United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015) (citation omitted). To succeed under an entrapment by estoppel theory, the

defendant "must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told [the defendant] the proscribed conduct was permissible, (4) that [the defendant] relied on the false information, and (5) that [the] reliance was reasonable." *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (quoting *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004)). Waller claimed to have relied on internal IRS records, obtained through a Freedom of Information Act request, which included a computerized code that read "Mail File Requirement: 01= Return not required to be mailed or filed. (1040 not required)." The district court correctly found that single line was too vague to qualify as the affirmative statement required to establish entrapment by estoppel. *See United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000) ("To succeed under [the entrapment by estoppel] theory, defendant must do more than show that the government made vague or even contradictory statements.") (cleaned up).

**AFFIRMED.**