**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

ADAN RUIZ, AKA youngjuggler, AKA youngjuggla, AKA Young Jugg,

        Defendant - Appellant.

No. 25-330

D.C. No.
8:23-cr-00146-DOC-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 12, 2026[**]
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[***]

Adan Ruiz challenges his 215-month sentence for distribution of fentanyl, in

violation of 21 U.S.C. § 841, and conspiracy to distribute and possess with intent

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo whether the district court's method of approximating the relevant quantity of drugs is proper under the United States Sentencing Guidelines ("USSG"), *United States v. Flores*, 725 F.3d 1028, 1035 (9th Cir. 2013), and for abuse of discretion its determination that evidence presented at sentencing is reliable. *United States v. Hernandez-Guerrero*, 633 F.3d 933, 935 (9th Cir. 2011). We affirm.

The district court did not commit procedural error when it calculated the drug quantity used to determine Ruiz's base offense level under USSG § 2D1.1. The district court's quantity finding was supported by Ruiz's sworn factual admissions, which are in the record. Relevant here, Ruiz admitted that he repeatedly obtained controlled substances and delivered them to his coconspirators for the purpose of fulfilling customers' orders. He also admitted to the existence of an electronic drug ledger that documented his coconspirators' drug transactions from May 2022 (after Ruiz had joined the conspiracy) to November 2022 (a month before his participation ended). Further, Ruiz admitted that those 2022 transactions involved "approximately 123,688 fentanyl pills, 9,363 grams of methamphetamine, 299 grams of fentanyl powder, 296 grams of black tar heroin, and 27 grams of cocaine."

Those admissions "possess sufficient indicia of reliability" because they were counseled, voluntary, intelligent, and Ruiz affirmed their accuracy under oath in a hearing before the district court. *See Flores*, 725 F.3d at 1036 (setting forth criteria courts must meet in approximating drug quantities); *cf. United States v. Thomas*, 355 F.3d 1191, 1198–1200 (9th Cir. 2004) (finding that the district court improperly relied on the defendant's guilty plea to establish drug quantity where the defendant had not admitted to that quantity).

**AFFIRMED.**[1]

---

[1] The Government's motion for judicial notice, Dkt. 23, is granted. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).